## Richardson *vs* Bleight's heirs.

### APPEAL FROM THE MEADE CIRCUIT.

*Chancery. Fraud in decrees. Bills of review. Surplus land. Lapse of time.*

JUDGE BRECK delivered the opinion of the Court.

In 1816, Dr. Samuel Bleight sold and conveyed to Daniel S. Richardson, two tracts of land, lying, according to the recitals in the deed, in the counties of Hardin and Breckinridge, now county of Meade, for the consideration of $4,612 50. One tract was stated in the deed as containing 1285 acres, and the other 252 acres. The tracts did not adjoin, although lying near to each other.

Upon the larger tract Richardson resided, and possession was taken of the smaller one about 1818, under him or his claim, and was so continued till 1826, when possession was taken by one Webb, who entered and held as the tenant of B. Hardin, who claimed under the

grant of Pickett, of elder date to that under which Bleight claimed.

Hardin's tenant continued in possession till 1832, when Richardson brought an ejectment for the 252 acres, the result of which was a verdict and judgment for the defendants.

In 1844, Richardson filed his bill against the heirs of Bleight, who, it appears, died about 1826, for the recovery of the purchase money, or consideration for the lost land. The heirs, part of whom were non-residents, answered, and resisted the claim, but in May, 1846, the complainant obtained a decree for $755 75, with interest from the date of his deed, that sum being the proportion as to price, that the lost land, or 252 acres bore to the whole quantity sold and conveyed, as stated in the deed. And it appearing, also, that the 252 acres was an average value with the residue. The amount decreed was directed "to be made out of the lands of Dr. Samuel Bleight, to the defendants descended."

In July, 1846, the defendants filed their bill, alledging that they only relied, in defence of the suit of Richardson against them, upon lapse of time, and that he had not lost the 252 acres of land by any legal eviction; that when the ejectment was brought they were infants, or a part of them, and a part of them then and still non-residents, unacquainted with the landed estate and transactions of their father, which were exceedingly complicated.

They charge that the decree of Richardson against them had been obtained by fraud. That they had discovered since the rendition thereof, than Richardson, in 1822, had made a contract with Pickett, or his agent, who had an elder grant upon the land, stipulating that in the event Pickett's title should prove superior, or Bleight's fail, that Richardson should retain and hold the land, by assigning to Pickett his recourse upon Bleight, upon his covenant of warranty.

They further charge, that since said decree was obtained, they have discovered that the other tract contained, instead of 1285, near 1700 acres. So that Richardson still had and held more land than he contracted

Suit of Richardson vs Bleight's heirs to recover for lost land.

Bleight's heirs vs Richardson's bill of review, setting aside former decree, and for fraud, claiming pay for surplus land which was obtained by Richardson by fraud about survey &c.

for, and more than the deed purported to convey,. by about 160 acres, and all of equal value with the 252 acres.

That this excess was occasioned by a fraudulent survey before the deed was made, and in making which Richardson and one of his brothers were chain carriers, and made false measurement, with a view to obtain the excess. That all these facts were well known to Richardson, and had been intentionally and fraudulently concealed from them, and a knowledge of which they had only acquired by accident, since the trial of his suit against them, although they had previously made diligent effort to discover all matters of fact material to their defence. They pray that the cause and decree may be reviewed, and the decree declared null and void; but if Richardson should be found entitled to any thing, that it may be set-off and discharged by the excess in the larger tract.

In amended pleadings they alledge that the possession of of their ancestor and of Richardson, after his purchase, was sufficient to bar any recovery by Pickett, and that the possession was fraudulently given up by Richardson or by his tenant by his connivance, for the purpose of charging them or their ancestor upon his covenant of warranty. And they pray if their prayer to open and annul the decree be denied them, that Richardson may be decreed to surrender to them the excess in the large tract.

Richardson denies all the allegations of fraud. Admits the alledged contract between himself and Pickett, or his agent, but that in consequence of the sale by him to Hardin, it had long since, and before the institution of the ejectment, been abandoned. He does not admit, upon accurate survey of the large tract, that there is any material excess, but if there should be, he relies upon the great lapse of time in bar of the complainant's claim to have it corrected. That both tracts were embraced by Pickett's elder grant, and that Bleight had really no claim in law or equity, and if his long possession had given validity to his title, he was entitled to the benefit of it, and not the complainants.

The Court below was of opinion that the sale from Bleight to Richardson was by the acre, and that the latter was still in possession of more land than was sold, and according to the deed, contained in both tracts, by something more than one hundred acres, and which was of equal value with the tract that was lost; and while thus holding under Bleight, more land than he purchased, and than his deed purported to convey, he had no equity against Bleight's heirs for the portion which had been lost, and which was not of better quality or more value than the excess over the 1285 acres still retained by him. The Court accordingly perpetually enjoined Richardson's decree for $755 75, and decreed the complainant's their costs.

*Richardson vs Bleight's h'rs.*

*The decree of the Circuit Court.*

Richardson has appealed to this Court, and Bleight's heirs also complain, because they were not decreed the excess retained by Richardson over the quantity purchased by him, or the value thereof, and they assign cross errors.

It is contended that whether the bill of the appellees be regarded as a bill assailing the decree of the appellant for fraud, or as a bill of review, based upon the discovery of new matter, that in neither character have they manifested, in point of law or fact, any right to relief.

Upon the ground of fraud we are not satisfied that a case was made out by the appellees entitling them to any relief.

*The charge of fraud in the first decree.*

In the contract itself of 1822, between the appellant and Pickett, or his agent, we perceive nothing fraudulent or from which any fraudulent intent can be fairly inferred. The appellant saw an elder grant covering the land, which he had bought and paid for, and Bleight had no cause to complain if he stipulated for that title in the event Bleight's should prove unavailing for his protection. The fact, however, of his having such a contract renders the circumstances under which he lost and Hardin acquired the possession of the 252 acres, somewhat suspicious. And this suspicion is increased by his failure to resort to the summary remedy of forcible entry and detainer to regain it, and also by the de-

RICHARDSON
vs
BLEIGHT'S H'RS. lay in even resorting to an ejectment. Had he taken and retained the possession, there is reason to believe, from what appears in the record, that he might successfully have defended himself against the elder claim of Pickett. But as this is not certain, and as the possession was taken by a tenant claiming under David Richardson, the father of the appellant, and not expressly or directly under him, and who, or his successor, declined holding under him; as there appears, moreover, to have been much controversy and litigation and eventually compromises between Bleight or his representatives and agents and Pickett, in reference to the tracts conveyed to Richardson by Bleight, as well as other lands—Pickett having, also, sold the 252 acres to Hardin—in view of these and other circumstances, not necessary to detail, we are of opinion that the charge of fraud against the appellant, is not sustained, either in reference to the contract with Pickett or the possession of the land, and that the discovery of the contract constituted no sufficient ground for opening the decree or for relief.

But we think relief was properly granted upon the other ground, the discovery of the surplus land in the 1,285 acre tract. It was the discovery of a certain fixed fact, having a direct bearing upon the equity of Richardson to recover for the lost land, but which was not in issue upon the trial of that case. It was matter or a fact which could properly be relied on in a bill of review.

It will be recollected that the two tracts of land were conveyed by Bleight to Richardson in one and the same deed. The consideration of both tracts is stated as $4,612 50. They were surveyed out of a tract of more than a hundred thousand acres, claimed by Bleight. It satisfactorily appears it was a sale by the acre. Richardson does not pretend that it was otherwise, or that he purchased more land than the number of acres which the deed purports to convey. The two tracts are stated to contain 1,537 acres and 90 poles, which at three dollars per acre, estimating the fraction as half an acre, would exactly amount to the consideration as stated.

Complainants entitled to relief for the surplus conveyed to defendant, either through fraud or mistake.

Besides, Richardson sets up no claim to the surplus, except upon the ground that the right of the appellees to have the mistake corrected, is barred by lapse of time.

In regard to the extent of the surplus, it satisfactorily appears that there is, in the boundary of the 1,285 acre tract, which is defined and marked with unusual precision and certainty, 1,695 acres, being an excess of about 413 acres. The quantity estimated according to the courses and distances stated in the deed, falls short of 1,285 acres. The excess is occasioned by the extension of the lines, or their being longer than called for in the deed. We are satisfied that the fact as to the excess, was discovered by the appellees after the first trial. It could not be discovered from the face of the deed; and we are even left in doubt, by the answer of Richardson, whether even he was aware of the fact when he filed his answer. Whether this large surplus was the result of fraud or mistake in making the original survey, it is not important to decide, as in either case we think the appellees were entitled to relief. It is true the appellant had been in possession near thirty years. But during much of that time the appellees had been infants and non-residents. Besides the appellant himself comes into a Court of equity for relief under circumstances calculated to excite suspicion, that the land alledged to have been lost, and for which he seeks to recover, was lost either through negligence or fraud on his part. He does not set up his claim till near twenty years after the land was adversely held under an elder grant to that of his vendor; and for this great delay on his part, he does not satisfactorily account.

Under all the circumstances of this case, we are of opinion the lapse of time is not an available objection to the rebutting equity of the appellees. While the appellant is in possession and still holds under his deed more land than he purchased and paid for, he has no equity to recover for the portion which has been lost, whether lost with or without fault on his part; and where the land now held by him is of equal value to that which has been lost.

We are also of opinion that the appellees have no cause to complain of the decree. So far as they sought to recover for the excess over the 1,537 acres, the Court below was right in rejecting their claim. As to their claim in that respect, they come too late, and lapse of time alone may successfully be relied upon as a bar to their recovery.

Wherefore, the decree is affirmed upon both the original and cross errors,

*B. Hardin* and *J. C. Walker* for appellants; *Riley, Pirtle* and *Stuart* for appellees.